IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Telesforo Martinez-Padilla,          :

                              :        Case No. 1:26-cv-348

      Petitioner,             :

                              :

        v.                  :        Judge Susan J. Dlott

                              :

Kevin Raycraft, Acting Director of     :

Enforcement and Removal Operations,  :        Order Granting Habeas Petition

Detroit Field Office, Immigrations and  :

Customs Enforcement, *et al.*         :

                              :

      Respondents.          :

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Telesforo Martinez-Padilla.  (Doc. 1.)  Respondents have filed a Return of Writ opposing habeas relief.  (Doc. 6.)  This case presents the now-familiar question of whether noncitizens who are detained by federal immigration officials years after entering the United States without inspection are entitled to a bond hearing.  For the reasons below, the Court answers the question affirmatively.  The Court will **GRANT** the Habeas Petition.

**I.**

Martinez-Padilla, a native and citizen of Mexico, challenges his detention without a bond hearing at the Butler County Correctional Complex while in the custody of Respondents.  He asserts that he entered the United States without being inspected by an immigration officer in or about 2007.  (Doc. 1 at PageID 1.)  On March 14, 2026, he was taken into custody by a Homeland Security Task Force in the Columbus, Ohio area.  (Doc. 6-1 at PageID 46.)  The Task Force officer asserted that Martinez-Padilla attempted to flee when officers initiated a traffic stop, but he has no prior criminal history.  (*Id.* at PageID 46–47.)

1

The Department of Homeland Security ("DHS") instituted removal proceedings under the Immigration and Nationality Act ("INA") § 240, 8 U.S.C. § 1229a, on March 14, 2026.  (Doc. 1-2 at PageID 21.)  DHS charged Martinez-Padilla with a violation of INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (*Id.*)  DHS records indicate that Martinez-Padilla has a Form I-589 Application for Asylum and Withholding of Removal pending.  (Doc. 6-1 at PageID 47.)  He requested a custody and bond redetermination hearing in the Immigration Court on March 23, 2026.  (Doc. 1-3 at PageID 25.)  The Immigration Judge denied him a bond hearing finding that he "lack[ed] jurisdiction to grant bond."  (Doc. 1-4 at PageID 30.)

Martinez-Padilla asserts in the Habeas Petition that he is being unlawfully held and denied a constitutionally adequate custody redetermination hearing—a bond hearing—in a misapplication of the INA, 8 U.S.C. §§ 1225(b)(2)(A) and 1226(a).  He asserts that his statutory and due process rights are being violated.  Respondents disagree.

The Court has faced the same legal issues in other immigration cases the past few months.  Respondents concede that the facts here are not materially different from those in the earlier cases.  (Doc. 6 at PageID 43.)  The Court again holds that detainees like Martinez-Padilla, who entered the United States years ago without an inspection, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(A)(2).  Rather, they are detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing.  Therefore, Respondents are violating Martinez-Padilla's statutory rights under the INA and due process rights under the Fifth Amendment by detaining him without a bond hearing.  *See, e.g.*, *Ramirez Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359 (S.D. Ohio Mar. 17, 2026); *Valdez Lopez v. Raycraft*, No. 1:26-cv-68, 2026 WL 900063 (S.D.

Ohio Apr. 2, 2026); *Rocha Gonzalez v. Lynch*, No. 1:26-cv-77, 2026 WL 962004 (S.D. Ohio Apr. 9, 2026).

## II.

The Habeas Petition (Doc. 1) is **GRANTED**.  The Court ORDERS that within seven days of entry of this Order, Respondents shall either (1) provide Martinez-Padilla with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Martinez-Padilla from custody.  If Respondents choose to provide a bond hearing in lieu of releasing Martinez-Padilla from custody, then:

(1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;

(2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;

(3) Respondents shall bear the burden of persuasion to justify Martinez-Padilla's continued detention and adduce clear and convincing evidence that Martinez-Padilla is a danger to the community or a risk of flight.  *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at \*9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Martinez-Padilla's "ability to pay when setting any bond amount."  *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at \*1 (S.D.N.Y. Oct. 16, 2025).

The Court further ORDERS that within ten days of entry of this Order, Respondents shall file a report informing the Court whether and when a due process compliant, bond redetermination hearing was held or whether and when Martinez-Padilla was released from custody.[1]

**IT IS SO ORDERED.**

---

[1] Martinez-Padilla seeks attorney fees and costs.  (Doc. 1 at PageID 18.)  The Equal Access to Justice Act permits a court to award "reasonable fees and expenses of attorneys, in addition to costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States . . . ."  28 U.S.C. § 2412(b).  The Court will consider a motion for attorney fees and costs filed in conformity with the procedures set forth in the statute and the local rules.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

4