IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Telesforo Martinez-Padilla,      :

                         :       Case No. 1:26-cv-348

       Petitioner,            :

                         :

          v.                 :       Judge Susan J. Dlott

                         :

Kevin Raycraft, Acting Director of   :

Enforcement and Removal Operations,   :       Order Sustaining Notice of Non-

Detroit Field Office, Immigration and   :       Compliance and Granting Habeas Relief

Customs Enforcement, *et al.*       :

                         :

       Respondents.         :

Pending before the Court is Petitioner Telesforo Martinez-Padilla's Notice of Respondents' Non-Compliance with this Court's Order Granting Habeas Petition. (Doc. 11.) Respondents filed a Response in Opposition. (Doc. 13.) For the reasons that follow, the Court will **SUSTAIN** the Notice of Non-Compliance and **GRANT** habeas relief.

## I. BACKGROUND

Martinez-Padilla, a native and citizen of Mexico, entered the United States without being inspected by an immigration officer in or about 2007. (Doc. 1 at PageID 1.) On March 14, 2026, he was taken into custody by Homeland Security Task Force officers in the Columbus, Ohio area and detained at the Butler County Correctional Center. (Doc. 6-1 at PageID 46.) Immigration Judge ("IJ") Monte Horton denied him a bond hearing on the basis that he lacked jurisdiction to grant bond. (Doc. 1-4 at PageID 30.) Martinez-Padilla then filed a Habeas Petition challenging his detention by Respondents without a bond hearing. (Doc. 1.)

The Court issued an Order Granting Habeas Petition on May 7, 2026 holding that Respondents were violating Martinez-Padilla's statutory rights under the Immigration and

1

Nationality Act and due process rights under the Fifth Amendment by detaining him without a bond hearing. (Doc. 9 at PageID 65.) The Court ordered as follows:

> Respondents shall either (1) provide Martinez-Padilla with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Martinez-Padilla from custody. If Respondents choose to provide a bond hearing in lieu of releasing Martinez-Padilla from custody, then:
>
> > (1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;
> >
> > (2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;
> >
> > (3) Respondents shall bear the burden of persuasion to justify Martinez-Padilla's continued detention and adduce clear and convincing evidence that Martinez-Padilla is a danger to the community or a risk of flight. *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *reh'g en banc denied* (Oct. 24, 2025); *Soto-Medina v. Lynch*, No. 1:25-CV-1704, — F. Supp. 3d —, 2026 WL 161002, at *9–11 (W.D. Mich. Jan. 21, 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and
> >
> > (4) the Immigration Judge shall consider whether less restrictive alternatives to detention can reasonably address the Government's interest, as well as Martinez-Padilla's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025).

(*Id.* at PageID 66.)

IJ Horton then held a bond hearing on May 11, 2026. (Doc. 11-2.) He denied bond on the following basis: "RESPONDENT IS FOUND TO BE DANGER TO THE COMMUNITY AND FLIGHT RISK." (*Id.* at PageID 428.) IJ Horton did not analyze the evidence, explain the burden of proof that he applied, state whether he considered less restrictive alternatives, or address Martinez-Padilla's ability to pay a bond.[1]

---

[1] A Department of Justice policy manual authorizes an immigration judge to issue an oral decision and prepares a written decision only if either party appeals. *See* Executive Office for Immigration Review, EOIR Policy Manual, Part II - OCIJ Immigration Court Practice Manual, 8.3 - Bond Proceedings, § 8.3(e)(7), https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last viewed 6/1682026). The Code of Federal Regulations authorizes an immigration judge to issue the decision on a standard form and to inform the parties orally or in writing the reasons for the decision. C.F.R. § 1003.19(f).

2

Martinez-Padilla filed the Notice of Non-Compliance here on the same day. (Doc. 11.) He asked the Court to "find that Respondents have failed to comply with the Court's habeas order and grant such further relief as the Court deems appropriate." (*Id.* at PageID 72.) Respondents contend that granting Martinez-Padilla further relief would be inappropriate. (Doc. 13.)

## II. LAW AND ANALYSIS

A district court generally has limited authority to act when an immigration judge has held a bond determination hearing:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Appeals of a bond determination decision by an immigration judge can be taken to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.19(f). Further, an immigration judge's decisions are entitled to a presumption of regularity and a presumption that all evidence was considered. *See Aoraha v. Gonzalez*, 209 F. App'x 473, 476 (6th Cir. 2006) ("The agency's decision is entitled to a presumption of regularity and thus a presumption that the evidence was considered."); *Gutierrez v. Raycraft*, No. 1:26-CV-69, 2026 WL 543676, at *1 (S.D. Ohio Feb. 26, 2026) (finding that the decision of an immigration judge is entitled to a presumption of regularity).

But district courts have jurisdiction to review an immigration judge's discretionary bond denial "where that bond denial is challenged as legally erroneous or unconstitutional." *Diaz-Calderon v. Barr*, 535 F.Supp.3d 669, 676 (E.D. Mich. 2020) (citation omitted); *see also Diallo v. Raycraft*, No. 1:26-cv-423, — F.Supp.3d —, 2026 WL 1487286, at *1–2 (S.D. Ohio May 18,

2026) (citing and applying *Diaz-Calderon*).[2] The Court also has authority to enforce its grant of habeas relief. *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010) ("[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated.").

The Court previously ordered that "Respondents shall bear the burden of persuasion to justify Martinez-Padilla's continued detention and adduce clear and convincing evidence that Martinez-Padilla is a danger to the community or a risk of flight." (Doc. 9 at PageID 66.) IJ Horton determined that Martinez-Padilla was a flight risk and a danger to the community. (Doc. 11-2 at PageID 428.) Based on the record, the Court assumes IJ Horton based these findings on the traffic-related infractions pointed out by Respondents. Martinez-Padilla submitted significant rebuttal evidence, however. For example, Respondents presented evidence that he has several traffic citations related to driving without a license. But Martinez-Padilla submitted proof that he has since obtained an Ohio driver's license, and it was in effect when he was pulled over and detained by the Homeland Security Task Force. (Doc. 11-1 at PageID 164.)

Respondents also relied on the circumstances surrounding Martinez-Padilla's encounter with Homeland Security Task Force officers on March 14, 2026 that led to his current detention.

---

[2] The district court in the *Diaz-Calderon* explained:

> [A] district court sitting in habeas to review due process challenges to immigration bond hearings must proceed carefully, as "it has no authority to encroach upon an IJ's discretionary weighing of the evidence." *Arellano v. Sessions*, 2019 WL 3387210, at *7 (W.D.N.Y. 2019). Instead, courts must decide whether the IJ "relied upon proof—that as a matter of law—could not establish" that a petitioner is a danger to the community. *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008). For example, the Supreme Court has limited "preventive detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 691, 121 S.Ct. 2491. Detention based on dangerousness, without an adequate showing by the government, "would be antithetical to the Fifth Amendment's Due Process Clause protections." *Hamama v. Adducci*, 2019 WL 1492038, at *2 (E.D. Mich. 2019).

*Id.* at 676.

4

(Doc. 13 at PageID 435; Doc. 6-1 at PageID 46.)  The officers accused Martinez-Padilla of "refus[ing] to yield" and trying "to speed away" when they initiated a traffic stop of his vehicle. (Doc. 6-1 at PageID 46.)  But they conceded he could not "flee the scene" because of "heavy congestion in the area."  (*Id.*)  For his part, Martinez-Padilla asserts that the officers' vehicle was unmarked, which could explain why he did not initially stop his vehicle.  (Doc. 11 at PageID 71.) Respondents did not deny this assertion.  Moreover, the officers admitted that after they identified themselves as immigration officials, Martinez-Padilla complied with their request to put his vehicle in park and turn off the engine.  (Doc. 6-1 at PageID 46.)  He also cooperated by "openly stat[ing]" that he was in the country illegally.  (*Id.*)  As for the officers' contention that he refused to exit his vehicle, they further explained that he wanted "to make a phone call first." (*Id.*)

The traffic stop incident is also notable for what the officers did not allege.  The officers did not assert in their report that Martinez-Padilla drove recklessly, endangered the public, threatened the officers, or used hostile language.  Additionally, Respondents' records indicate that Martinez-Padilla has no criminal history.  (*Id.* at PageID 47.)  Given the totality of this evidence, the Court questions whether IJ Horton required Respondents to prove *with clear and convincing evidence* that Martinez-Padilla was a danger to the community.  The Court is mindful that non-punitive detention is to be limited to "specially dangerous individuals." *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001).

Likewise, Respondents appear to have relied on the circumstances surrounding the traffic stop to prove that Martinez-Padilla was a flight risk.  But Martinez-Padilla presented substantial evidence at the bond hearing concerning his employment history and his community and family ties.  (Doc. 11-1 at PageID 74–76.)  He has lived in this country for almost twenty years.  He

applied for and obtained an employment authorization card. (*Id.* at PageID 167–168.) He works in construction. (*Id.* at PageID 318.) Martinez-Padilla lives with his spouse and three children—children who are United States citizens—in Columbus. (*Id.* at PageID 174, 187, 196, 235, 265.) His family has been active members of two Catholic parishes. (*Id.* at PageID 358, 360.) Finally, Martinez-Padilla has a pending application for asylum and withholding of removal. (Doc. 6-1 at PageID 47.) Martinez-Padilla asserts that his counsel urged IJ Horton to consider less restrictive alternatives to detention, including electronic monitoring, but there is no basis in the record to conclude that IJ Horton considered any alternatives.

Given the limited evidence submitted by Respondents, Martinez-Padilla's lack of criminal history, and his strong community ties, the Court cannot conclude on the basis of IJ Horton's one-sentence decision that he conducted a constitutionally adequate bond hearing as required by the Order Granting Habeas Relief.

## III.  CONCLUSION

For the reasons above, Petitioner's Notice of Non-Compliance is **SUSTAINED**. The Court again **ORDERS** that within seven days of the date of this Order Respondents shall either (1) provide Martinez-Padilla with a due process compliant, individualized bond redetermination hearing before an Immigration Judge; or (2) release Martinez-Padilla from custody. If Respondents choose to provide a bond hearing in lieu of releasing Martinez-Padilla from custody, then:

> (1) Respondents shall provide a copy of this Order to the Immigration Judge before any hearing;
>
> (2) the Immigration Judge shall have jurisdiction over the matter and be empowered to grant bond;
>
> (3) the Immigration Judge **shall affirm and enforce** that Respondents bear the burden of persuasion to justify Martinez-Padilla's continued detention and to adduce clear and convincing evidence that Martinez-Padilla is a danger to the

6

community or a risk of flight. *See Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (setting forth evidentiary standard), *cert. granted, Genalo v. Black*, No. 25-886 (U..S. June 15, 2026); *Soto-Medina v. Lynch*, 817 F.Supp.3d 612, 629 (W.D. Mich. 2026) (same); *Azalyar v. Raycraft*, 814 F.Supp.3d 926, 935 (S.D. Ohio 2026) (same); and

(4) the Immigration Judge **shall consider and explain** whether less restrictive alternatives to detention can reasonably address Respondents' interest, as well as Martinez-Padilla's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 WL 2938993, at *1 (S.D.N.Y. Oct. 16, 2025); *see also Black*, 103 F.4th at 158.

**IT IS SO ORDERED.**

BY THE COURT:

Susan J. Dlott
United States District Judge